CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 17 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DEBORA ANNE JOHNSON, | ) | Civil Action No. 7:06cv737 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| FLYING J INC., | ) | |
| CFJ PLAZA COMPANY I LLC, | ) | |
| CFJ PROPERTIES, | ) | By: Hon. James C. Turk |
|     Defendants. | ) | Senior United States District Judge |

This case is before the court on defendants CFJ Plaza Company I LLC's ("CFJ Plaza") and CFJ Properties' (together "Defendants") motion for summary judgment.[1] Defendants argue that they were not the owner or occupant of the Wytheville Flying J Travel Plaza ("Wytheville Travel Plaza"), and therefore may not be held liable for the injuries allegedly suffered by Plaintiff Debora Anne Johnson. Plaintiff filed an opposition brief, Defendants a reply, and the court has heard oral argument, making this matter ripe for decision. For the reasons that follow, the court will grant Defendants' motion with respect to CFJ Plaza and deny Defendants' motion with respect to CFJ Properties.

I.

On January 8, 2004, plaintiff Johnson fell and sustained injuries while exiting her vehicle at the Wytheville Travel Plaza. Johnson alleges that her injuries were caused by the negligence of the three named defendants in this action—CFJ Plaza, CFJ Properties, and Flying J.

Johnson asserts that CFJ Plaza is the owner of the Wytheville Travel Plaza, and provides a Special Warranty Deed dated March 22, 1999 to that effect. (See Ex. A to Opp. Br, Dkt. No.

---

[1] Flying J Inc. ("Flying J") is the third named defendant in this action, but does not join this motion. On December 22, 2008, Flying J filed for protection under Chapter 11 of the United States Bankruptcy Code.

1

77.) Defendants admit that CFJ Plaza "owns and leases property to [CFJ Properties]," but contend that the Wytheville Travel Plaza is "owned by CFJ Mgmt." (Mot. for Summ. J. at 2, Dkt. No. 69.) CFJ Properties is a general partnership that has three members: (1) Flying J; (2) Big West Oil Company, a Delaware corporation ("Big West"); and (3) Douglas Oil Company of California, a California corporation ("Douglas"). (Dester Aff., ¶ 2, Dkt. No. 69.). CFJ Properties entered into a lease with CFJ Plaza for the Wytheville Travel Plaza ("Lease"), for the period of March 22, 1999 through August 31, 2011. (See Lease, ¶ 3, Ex. C to Opp. Br.) The Lease places the responsibility for the maintenance of the property on CFJ Properties, the lessee. (Id., ¶ 16.) The Lease also requires CFJ Properties to carry comprehensive general liability and property damage insurance covering both CFJ Properties and CFJ Plaza "against bodily injury liability . . . arising out of the ownership, maintenance, repair, condition or operation of the Premises" in an amount not less than $1 million. (Id., ¶ 11(B).) By the Lease, CFJ Properties also agreed to "indemnify, protect, defend and hold harmless" CFJ Plaza and others "from and against any and all Losses . . . caused by, incurred or resulting from [CFJ Properties'] use and occupancy of the Premises." (Id., ¶ 18.)

Prior to entering into the Lease for the Wytheville Travel Plaza, CFJ Properties executed a partnership agreement ("Agreement") on February 1, 1999.[2] The Agreement states that "Big West and Douglas have agreed to form [CFJ Properties] to own the present and any future Travel Plazas," and that CFJ Properties "does not wish to enter into the day to day operations of the Travel Plazas." (Agreement Recitals, Ex. A to Dester Aff.) For its part, Flying J is "designated as Operator of the Partnership Assets, subject to the terms hereof and the direction of the CFJ

---

[2] Defendants did not attach the complete Agreement as an exhibit to James Dester's affidavit filed in support of their motion for summary judgment, so the Court relies on the excerpts provided.

2

Executive Committee, Operator is empowered to perform all acts necessary for the operation of the Travel Plazas." (Agreement, ¶ 8.1, Ex. B to Dester Aff.) However, Flying J's status as the "Operator" may terminate for a number of reasons, although in that event Flying J would still retain the rights and responsibilities of partnership:

> 8.4. REMOVAL OF OPERATOR
> If an Affiliate of Operator ceases to be a Partner, or there is a material adverse change in the financial condition of Operator, or if the controlling interest in Flying J or Big West is sold to a third party, then Flying J may be removed as Operator under this Agreement at the sole option of Douglas. Operator may also be removed if it or Big West has committed a material breach of this Agreement, has been adjudged [sic] a bankrupt, or has been grossly negligent or engaged in willful misconduct and Douglas or its nominee shall automatically become Operator. The Executive Committee may terminate the Operator with six (6) months prior written notice if, in good faith, it can show that it can effect a material improvement in profitability through a change in the Operator or methods of operation of the Plazas. An improvement in profitability includes, but is not limited to, the ability to operate the Plazas with lower costs than the existing Operator. Any Partner may submit a bid to the Executive Committee to operate the Plazas.
>
> 8.5. SELECTION OF SUCCESSOR OPERATOR
> Upon removal of the Operator, if Douglas declines the operatorship, the Executive Committee shall promptly select a new Operator. Any Partner removed as Operator retains all other rights and obligations as a Partner under the Partnership Agreement, so long as the Partner remains a party to this Agreement.

(Agreement, ¶¶ 8.4-8.5, Ex. D to Dester Aff.)

## II.

In a motion for summary judgment, the court views the facts, and inferences to be drawn from those facts, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Summary judgment is only proper where "there is no genuine issue as to any material fact and . . . the movant is entitled to

3

judgment as a matter of law." Fed. R. Civ. P. 56(c).

## III.

### A.

Although the parties dispute whether CFJ Plaza is the owner of the Wytheville Travel Plaza, Johnson concedes that summary judgment should be entered for CFJ Plaza. In her opposition brief, Johnson did not contest Defendants' motion with respect to CFJ Plaza, arguing that in Virginia, "the duty to maintain a premises in a reasonably safe condition is imposed upon the <u>occupant</u> of the premises." (Opp. Br. at 5 (emphasis added).) Moreover, at oral argument, Plaintiff's counsel conceded that summary judgment was proper as to CFJ Plaza because CFJ Plaza was not an occupant of Wytheville Travel Plaza. Therefore, the court will grant summary judgment in favor of CFJ Plaza.

### B.

CFJ Properties argues that summary judgment should likewise be entered in its favor because it was not an "occupant" of the Wytheville Travel Plaza and cannot therefore be held liable in this action. (Reply Br. at 1-3, Dkt. No. 78.) Although it was the lessee, CFJ Properties states that it was never in possession of the Wytheville Travel Plaza, and thus cannot be considered an occupant.[3] CFJ Properties contends that through its partnership agreement, it "specifically disclaimed any desire to 'enter into the day to day operations of the Travel Plazas.'" (<u>Id</u>. at 2 (quoting Agreement Recitals).) Similarly, CFJ Properties contends that it was not the operator of the Wytheville Travel Plaza, with that responsibility falling solely to Flying J. (<u>Id</u>. at

---

[3] CFJ Properties relies on the <u>Blacks Law Dictionary</u>, 5th Edition (1983) definition of "occupant" as "[p]erson in possession," and the definition of possession as "hav[ing] in one's actual and physical control." <u>Id</u>. at 558 and 606. In addition, CFJ Properties cites two Virginia statutes that define "landowner" and "club" as including both a "lessee" and an "occupant." (<u>See</u> Reply Br. at 2.) For the reasons expressed <u>infra</u>, the court is not persuaded to adopt CFJ Properties' reasoning.

4

3. See also Mot. For Summ. J. at 3-4 ("Flying J Inc. is the party responsible for operating and maintaining the plazas, for inspecting the plazas, and for providing and supervising the necessary personnel.").) The court disagrees with CFJ Properties' legal conclusion, and for two independent reasons finds that CFJ Properties is a proper defendant in this action.

First, CFJ Properties is an "occupant" of the Wytheville Travel Plaza. As discussed supra, CFJ Properties, not Flying J, is the lessee of the premises. Through the Lease, CFJ accepted responsibility for maintenance of the Wytheville Travel Plaza, was required to carry comprehensive insurance for bodily injuries suffered at the Wytheville Travel Plaza, and agreed to indemnify CFJ Plaza from losses caused by CFJ Properties' use and occupancy of the Wytheville Travel Plaza. (Lease, ¶¶ 11, 16, 18.) There is no indication that CFJ Properties subleased or assigned its lease of the Wytheville Travel Plaza to Flying J. Rather, through its general partnership agreement, CFJ Properties designated one of its partners (Flying J) as the day-to-day Operator of the partnership's Travel Plazas. Such an arrangement does not relinquish the control and responsibility that CFJ Properties has over Wytheville Travel Plaza, and CFJ Properties thus is properly considered its occupant for purposes of this premises liability action.[4]

Second, even if Flying J were considered the only occupant of the Wytheville Travel Plaza, CFJ Properties would still be a proper defendant. As a general partnership, CFJ Properties is liable for the acts committed by one of its partners in the ordinary course of the business of the partnership.[5] By the terms of the Agreement, CFJ Properties' business is to "own the present and

---

[4] In addition, Defendants provided no authority holding that in a similar context, a partnership agreement has been construed to insulate the partnership from occupant liability.

[5] It is unnecessary to perform a full choice of law analysis as to whether Utah or Virginia law controls an interpretation of the Agreement. CFJ Properties does not contest whether it is liable for acts committed by one of its partners in the ordinary course of the business of the partnership, but rather argues that operation of the Travel Plazas is outside of the partnership's ordinary course of business. (See Reply Br. at 3.) Moreover, both Virginia and Utah have adopted the

5

any future Travel Plazas" (Agreement Recitals.) Notwithstanding the Agreement's general precatory statement that CFJ Properties "does not wish to enter into the day to day operations of the Travel Plazas" (id.), the court finds that such operation is properly considered part of the ordinary course of CFJ Properties' business.

This finding is supported by common sense, as well as the facts of this case. The Wytheville Travel Plaza is leased to CFJ Properties. In addition, the specific provisions of the CFJ Properties' Agreement are consistent with the court's conclusion. Although the Agreement allocated responsibility for the Travel Plazas' operation to one of its partners, the court finds that this indicates that the Travel Plazas' operation is part and parcel of the partnership's business. The Agreement also made Flying J's powers as Operator "subject to the terms [of the Agreement] and <u>the direction of the CFJ [Properties] Executive Committee</u>." (Agreement, ¶ 8.1 (emphasis added).) Further, the Agreement spelled out multiple events which could terminate Flying J's status as Operator, many of which would result in Flying J's removal as Operator "at the sole option of Douglas," one of the other partners. (Id., ¶ 8.4.) If Flying J was removed as Operator, Douglas would then have the right to become the Operator. (Id., ¶¶ 8.4-8.5.) Under these circumstances, the court finds that operation of the Travel Plazas—specifically the Wytheville Travel Plaza—is within the ordinary course of CFJ Properties' business. Therefore, in this case, CFJ Properties is a proper defendant for the alleged negligence of one of its partners, Flying J.[6]

---

relevant provision of the Uniform Partnership Act. See Va. Code § 50.73-95(A); Ut. Code § 48-1-10.

[6] In its reply brief, CFJ Properties also argues that it is not liable because the plaintiff was contributorily negligent as a matter of law. (Reply Br. at 4.) Notwithstanding the fact that CFJ Properties submitted no evidence in support, the court denies the current motion on this ground as it had previously rejected the same argument after full briefing from all parties. (See Dkt. No. 35.)

6

## IV.

For the reasons stated above, the court finds that Defendants' motion for summary judgment must be granted as to CFJ Plaza, and denied as to CFJ Properties. An appropriate order shall issue this day.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to all counsel of record.

**ENTER:** This 17th day of August, 2009

/s/ James C. Turk
Senior United States District Judge

7